1
2
3
4
5
6
7

8             UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LIUDMYLA IEGOROVA,                    No.  2:14-cv-3016-GEB-EFB PS

12              Plaintiff,

13        v.                                ORDER

14    CHARLES LIENINGER,

15              Defendant.

16

17        Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  Her

18    declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.

19    Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

20        Determining that plaintiff may proceed *in forma pauperis* does not complete the required

21    inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

22    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23    which relief may be granted, or seeks monetary relief against an immune defendant.

24    /////

25    /////

26    /////

27    _____

28        [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
      undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12       In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

17   requires a complaint to include "a short and plain statement of the claim showing that the pleader

18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

19   upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

21   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

22   511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

23   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

26   authorized by a federal statute that both regulates a specific subject matter and confers federal

27   jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint consists almost entirely of incoherent rambling and is unintelligible.  *See generally* ECF No. 1.  Plaintiff purports to allege claims against attorney Charles Lieninger, but the precise basis for plaintiff's claim(s) cannot be discerned from the complaint.  Plaintiff alleges that she became the victim of "open terror in Sacramento by members American cash economy gang, by Supreme Court State of California and Judicial Branch Government USA employee Attorney Lieninger."  *Id*. at 2 (emphasis omitted).  She claims that defendant Lieninger was "officially assigned attorney government USA to protect member Russian – American conspiracy in Sacramento, child abuser terrorist Melnichuk Nelya."  She contends that defendant harassed her and invented fraudulent statements that plaintiff had been "kidnapped by members American cash economy gang . . . ."  *Id*. at 3.  She further alleges that defendant committed perjury and fraud inside a court room to increase plaintiff's stress, anxiety, "blood pressure and level of sugar to most dangerous condition which could be fatal to [plaintiff]."

Given these allegations, the court is unable to determine whether it has subject matter jurisdiction over plaintiff's intended claim(s).  She does not allege the citizenship of the parties, nor is it clear how the allegations in the complaint give rise to a federal claim.  Thus there is no basis upon which either federal question or diversity jurisdiction can be established.  Although the complaint's caption page does list a number of criminal statutes codified in Title 18 of the United States Code, those criminal statutes do not give rise to civil liability.  *See Allen v. Gold Country Cascino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).  Accordingly, to the extent plaintiff's claim(s) are premised on defendant's alleged violation of criminal statutes, such a claim(s) fails.

The caption page also indicates that this action is based upon "crime against constitution USA," possibly indicating plaintiff's intention to assert a claim under 42 U.S.C. § 1983.  To state

a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint fails to satisfy both elements. It does not allege that defendant Lieninger is a state actor, nor does it specifically identify a constitutional provision that defendant allegedly violated.

Accordingly, plaintiff's complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint to afford her another opportunity to allege a basis for this court's jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is cautioned that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

4

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. See Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE